UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| **MARTHA SOLIS-GARIBAY**, | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | Civil Action No. 5:07-cv-68 |
| | § | Criminal No. 5:05-cr-2092-1 |
| **UNITED STATES**, | § | |
| *Respondent*. | § | |

## OPINION & ORDER

Pending before the Court is Petitioner Martha Solis-Garibay's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. [Dkt. No. 1].[1] After careful consideration of the petition, the facts of the case, and the governing law, the Court **DISMISSES** the petition.

### I.    BACKGROUND AND TIMELINESS OF THIS PETITION

Petitioner's motion under 28 U.S.C. § 2255 is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). Before the enactment of AEDPA, criminal defendants could file motions attacking their conviction and sentence under 28 U.S.C. § 2255 at any time. After AEDPA, by contrast, motions under § 2255 are subject to a one-year limitations period. § 2255.

On September 13, 2005, a federal grand jury indicted Petitioner in a three-count indictment. [Crim. Dkt. No. 8]. Count one charged that on or about August 27, 2005, Petitioner conspired to knowingly and intentionally possessing with the intent to distribute more than 5 kilograms of cocaine. [*Id*. at 1]. This was in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A). In count two, Petitioner was charged with possession with

---

[1] "Dkt. No." refers to the docket number for the civil habeas case on file with the Court's electronic system. The Court will cite to the docket number entries for the criminal case, 5:05-cr-20920, with "Crim. Dkt. No.___."

intent to distribute in excess of 5 kilograms of cocaine, in violation of Title 21, United States Code, §§ 841(a)(1) and 841 (b)(1)(A). [*Id*. at 1-2]. In count three, Petitioner was charged with knowingly and intentionally importing cocaine in excess of 5 kilograms into the United States from Mexico.

On October 21, 2005, Petitioner appeared before District Court Judge Micaela Alvarez, and entered a guilty plea to count two of the Indictment. [*Id*. at 22].[2] The Court sentenced Petitioner on April 6, 2006. The Pre-Sentence Investigation Report ("PSR") calculated Petitioner's base offense level at 36. PSR at ¶ 16. Two levels were subtracted because Petitioner met the criteria set forth in divisions (1)-(5) of U.S.S.G. § 5C1.2 (Limitation on Applicability of Statutory Minimum Sentences in Certain Cases). PSR at ¶ 17. Three additional levels were subtracted for acceptance of responsibility. PSR at ¶ 22. This resulted in a total offense level of 31 and a criminal history category of zero, and a sentencing guideline range of 108-135. Pursuant to its discretionary authority, the Court made a further adjustment of two levels and sentenced Petitioner to 87 months in custody, to be followed by three years of supervised release. [Crim. Dkt. No. 40, at 12]. Judgment was entered on April 10, 2006. [Crim. Dkt. No. 35]. Petitioner appealed to the United States Court of Appeals for the Fifth Circuit, and her appeal was dismissed as of November 27, 2006 for want of prosecution. [Crim. Dkt. No. 41]. Petitioner timely filed the instant motion on May 30, 2007. [Dkt. No. 1].

## II.     DISCUSSION

Petitioner presents four grounds for challenging her sentence under § 2255. First, Petitioner claims that she is entitled to credit for her cooperation with law enforcement during her arrest. [Dkt. No. 1, at 4]. She also believes that her sentence is harsh in light of the fact that she is a first-time offender. [*Id*.]. She further contends that the time that she has already served in

---

[2] Counts one and three were later dismissed on the Government's oral motion. [Crim. Dkt. No. 40, at 13].

custody is sufficient punishment for her actions. [*Id*.]. Finally, Petitioner claims that the court should take into consideration that she suffers from glaucoma and needs adequate treatment. [*Id*. at 5]. Each claim will be considered in turn.

### A.  Cooperation With Law Enforcement Claim

In her first ground for challenging her sentence under § 2255, Petitioner claims that she fully cooperated with law enforcement officers at the time of her arrest and subsequently provided them with useful information. [*Id*. at 4]. Petitioner believes that she should be given credit for her cooperation. [*Id*.].

Petitioner cannot show prejudice here because the sentencing judge did in fact award her a downward safety valve departure. Paragraph (f) of 18 U.S.C. § 3553 enumerates various criteria which, if satisfied, permit a sentencing court to impose a sentence below the statutory minimum for certain drug offenses. Among those criteria is number five, which requires that at a time no "later than the time of the sentencing hearing, the defendant [must have] truthfully provided to the Government all information and evidence the defendant ha[d] concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan . . . ." The PSR indicates that in return for her guilty plea, the Government agreed to "[r]ecommend that the defendant be sentenced at the appropriate level of the sentencing guidelines with a minimum mandatory sentence of 120 months, unless the Court finds that the defendant qualifies under the safety valve provisions of 18 U.S.C. § 3553(f), in which case the Court may reduce the defendant's sentence by an additional two (2) levels . . . ." PSR at ¶ 2(B). At sentencing, the Court took all factors into consideration and, having found that she qualified for a safety-valve reduction, made a two-level adjustment from offense level 33 to offense level 31, resulting in 108 to 135 months. [Crim. Dkt. No. 40, at 11-12]. Furthermore, in its discretion,

3

the Court further reduced the offense level to 29, resulting in 87-108 months. The Court also considered that it was appropriate to sentence Petitioner at the low end of the range and sentenced her to a term of 87 months in custody. [*Id*. at 12].

Accordingly, Petitioner cannot plausibly demonstrate prejudice as a result of this alleged error because the Court did in fact consider her cooperation with law enforcement when imposing the sentence.

### B.  First-Time Offender Claim

Petitioner also claims that her sentence is harsh, particularly in light of the fact that this is her first offense. While this claim cannot form the basis for a § 2255 petition, Petitioner's sentence was based on the fact that she is a first-time offender. The Sentencing Guidelines clearly indicate that "[a] defendant with a record of prior criminal behavior is more culpable than a first offender and thus deserving of greater punishment." U.S. Sentencing Guidelines Manual ch. 4, pt. A, introductory cmt. (2006). The PSR reflects this by indicating that because she has no prior juvenile adjudications or adult criminal convictions, the total of the criminal history points is zero. PSR at ¶26-28. Thus, because Petitioner is a first-time offender, no points were added to her criminal history score.

### C.  Sufficiency of Punishment Claim

In her third ground for challenging her conviction, Petitioner claims that the time that she has already served in custody is sufficient punishment for her actions. [Dkt. No. 1, at 4]. She further states that during her time in custody she has had time to reflect and take a long hard look at the harm she has caused to herself and her family. Again, this fails to meet the requirements of § 2255. The written plea agreement that Petitioner entered into states that: "[t]he Defendant understands that the sentence to be imposed is within the discretion of the sentencing judge."

4

[Crim. Dkt. No. 22, at 1]. The Court exercised its discretion when sentencing Petitioner and considered all factors in the case, including Petitioner's acceptance of responsibility. As such, the Court does not believe that the time that Petitioner has already served in custody is a substitute for the time remaining in her sentence.

### D. Disability Claim

Finally, Petitioner challenges her sentence based on a medical condition. [Dkt. No. 1, at 5]. During sentencing, her attorney pointed out that she suffers from glaucoma and that her peripheral vision is slowly diminishing. [Crim. Dkt. No. 40, at 9]. In her motion under § 2255, Petitioner states that if not treated properly, permanent blindness could potentially ensue. [Dkt. No. 1, at 5].

This claim is not sufficient to vacate, set aside, or correct her sentence under § 2255 for three reasons. First, Petitioner's medical condition was discussed at the time of sentencing and as such, the Court considered it at that time. Second, this particular situation is not an adequate ground for relief under § 2255. "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaugh*, 955 F.2d 367, 368 (5th Cir. 1992). Generally, § 2255 claims fall under four categorizes: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. Because a medical disability does not fall under any one of these categories, it cannot be directly considered as a ground for relief under § 2255.

Finally, a "[p]hysical condition . . . is not ordinarily relevant in determining whether a departure may be warranted. While an extraordinary physical impairment may be a reason to depart downward,"[3] [U.S. Sentencing Guidelines Manual § 5H1.4], the Court considered Petitioner's condition at sentencing and did not find that it rose to the level of serious infirmity warranting a downward departure.

### III.   CONCLUSION

For the aforementioned reasons, Petitioner's motion pursuant to § 2255 is DENIED. Further, should Petitioner seek a certificate of appealability, the same is DENIED.

IT IS SO ORDERED.

Signed this 26 day of October, 2007, in Laredo, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**

---

[3] For example, "in the case of a seriously infirm defendant, home detention may be as efficient as, and less costly than, imprisonment." U.S. Sentencing Guidelines Manual § 5H1.4.